**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:09-CV-263-GCM-DCK**

| | |
|---|---|
| **DEBORAH HUNT BYRD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | **ORDER** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**THIS MATTER IS BEFORE THE COURT** on the "Consented To Motion For Remand Under Sentence Four of 42 U.S.C. § 405(g)" (Document No. 10) filed June 8, 2010. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and immediate review is appropriate.

Defendant, Michael J. Astrue, moves the Court, pursuant to sentence four of 42 U.S.C. section 405(g), to enter a judgment reversing the Commissioner's decision with a remand of the case to the Commissioner for further administrative proceedings. Upon remand to the Commissioner, the administrative law judge will be instructed to evaluate the opinions of the non-examining State Agency medical consultants and explain the weight afforded to those opinions in accordance with 20 C.F.R. section 404.1527(f)(2)(ii) and *Social Security Ruling* 96-6p, and, if necessary, obtain supplemental evidence from a vocational expert.

Having carefully considered the motion, and for good cause shown, the undersigned will <u>grant</u> the motion.

Pursuant to the power of this Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42

U.S.C. section 405(g), and in light of the Commissioner's request to remand this action for further proceedings, the Court will hereby: **REVERSE** the Commissioner's decision under sentence four of 42 U.S.C. section 405(g), and remand the case to the Commissioner for further proceedings. See Melkonyan v. Sullivan, 501 U.S. 89 (1991). The Clerk of the Court shall enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. As there remains no justiciable dispute pending between the parties, upon the Clerk's entry of judgment, the Court's jurisdiction over this case shall terminate except for purposes of consideration and determination of motions for attorney's fees, including any motion for such fees under the Equal Access to Justice Act ("EAJA"). Plaintiff shall have thirty (30) days from final judgment in which to file any motion for attorney's fees under EAJA in this matter.

**IT IS, THEREFORE, ORDERED** the "Consented To Motion For Remand Under Sentence Four of 42 U.S.C. § 405(g)" (Document No. 10) is **GRANTED**.

Signed: June 8, 2010

David C. Keesler
United States Magistrate Judge